CASE 60—ACTION BY MILTON JOHNSON AGAINST C. F. ZWEIGART FOR LEGAL SERVICES, &C.—JAN. 16.

# Johnson v. Zweigart.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

PAROL EVIDENCE—ADMISSIBILITY TO VARY WRITING.—PLEDGE OR SALE —CONSTRUCTION OF WRITING—CONTEMPORANEOUS RELEASE OF ATTORNEY'S FEES—USURY.

Held:  1. Where a transaction is evidenced by an unambiguous written instrument, showing it to have been a pledge of notes as collateral security, parol evidence that the notes were in fact sold absolutely is inadmissible; no fraud or mistake having been alleged.

2. An attorney to whom his client was indebted secured $2,500 from the client, and executed a written receipt in full for his fees. He also turned over to the client certain notes; the client signing an instrument which declared that the attorney "has sold and delivered to me, for the sum of $2,500 cash, the following notes:   .  .  .   I am, however, after I have collected (net) on said notes the sum of $2,500 and interest,   .  .  .   to return to said J. [the attorney] the unpaid notes, or cash if same be then collected."   HELD, that the transaction was a pledge of the notes as collateral security for a loan of $2,500, and not an absolute sale, and that the contemporaneous release of attorney's fees was void, as constituting usury.

E. L. WORTHINGTON, FOR APPELLANT.

### AUTHORITIES.

1. When a sale is made to secure the repayment of money advanced the law regards· it as a mortgage, whatever may be

its form and whatever name the parties may choose to give it. Flagg v. Mann, 2 Sumner, 486; Allen v. Brown, 23 Ky. Law Rep., 217.

2. Parol evidence of a prior contract is not admissible to contradict the terms of a written contract. Crane v. Williamson, 23 Ky. Law Rep., 689; 2 Wharton on Evidence, sec. 1014; Wrought Iron Range Co. v. Graham, 80 Fed. R., 474; DeWitt v. Berrry, 134 U. S., 306.

L. W. ROBERTSON, FOR APPELLANT.

1. It will be observed that the agreement signed by Zweigart mentions the sale of certain notes therein named, and does not mention in any way the sale of fees of Johnson against Zweigart, though it is clear that the release signed by Johnson and the mortgage by Zweigart embodied the mutual understanding of the parties and the entire agreement.

The proof shows that there was no consideration to uphold the release. If there was any gratuity in the case, that release was the gratuity; anyhow, it was an additional compensation for the forbearance or loan of $2,500, and was wholly usurious, and under the circumstances unconscionable and ought not to stand.

2. The rule is that where there is no imperfection or ambiguity in the language of a writing, it will be deemed to express the entire and exact meaning of the parties, and parol evidence can not be heard to change the contract or to show an intention or understanding different from that expressed in the written agreement.

### AUTHORITIES.

Jones on Evidence, sec. 437; DeWitt v. Berry, 134 U. S., 306; Castlemen v. Southern Mut. Life Ins. Co. 14 Bush, 197; O'Neal v. Rumley Co., 21 Ky. Law Rep, 936.

L. W. GALBRAITH, FOR APPELLEE.

### SUMMARY OF BRIEF.

1. Statement of case.

2. The rule of inadmissibility of oral testimony to vary written contracts does not apply where the original contract was verbal and entire and only a part of it was reduced to writing, or in case of collateral or contemporaneous verbal contract. Louisville Banking Co. v. Leonard, Trustee, 90 Ky., 106; Henning v. Burnett & Co., 13 Ky. Law Rep., 969; Duncan, etc., v. Sheehan. 13 Ky. Law Rep., 780.

3. Where there is doubt as to whether the writing offered as

Johnson v. Zweigart.

the contract between the parties is the written memorial of the contract, that question should be submitted to the jury. Jones on the Law of Evidence, secs. 437 and 444; The Bank of British North America v. Cooper, 137 U. S., 473; Pollock on Contracts, sec. 458; Wharton on the Law of Evidence, secs. 1015, 1016.

4. The finding of the jury was justified by the evidence

GARRETT S. WALL, FOR APPELLEE.

1. The rule of law that written contracts can not be varied by parol testimony is conceded, but like all good rules, is subject to exceptions. In this case we do not have to rely on the exceptions because the rule is not applicable. We do not ask the court to vary the contract of September 3, 1898, by parol, or at all. Zweigart simply swears that it was not the contract, and denies that he made it and under this denial we claim the right to prove that he had made a complete verbal contract prior thereto, settling all matters of account between the parties and passing all papers and receipts.

2. The rule that parol evidence will not be heard to vary or alter a written contract is not infringed by proof of a collateral parol agreement, which does not interfere with the terms of the written contract, though it may relate to the same subject matter.

3. If Johnson can attack the receipt for fees and say it was usurious, or given without consideration, or that the consideration failed, why can not Zweigart attack and explain the writing of September 3, 1898, and say it was without consideration and no part of the contract as to purchase of fees and notes.

### POINTS AND AUTHORITIES.

Hany v. Barney, 15 L. R., 142; Henning v. Burnett & Co., 13 L. R., 969 and 780; Beverly v. Noel, 4 L. R., 985; 6 L. R., 442; 85 Ky., 230, 4 J. J. Mar., 120; 7 B. Mon., 589; 3 B. Mon., 51; Abbott's Trial Brief, 2d edition, 246-247; 17 Ky. Law Rep., 619, 141 U. S., 510.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

This suit was brought by appellant, a lawyer, against appellee, on an account for legal services, and for money paid thereabout. The services are not denied. The real defense, outside of the value of the services, is presented by a plea that the fees sued for were settled by a contract made

September 3, 1898, between the parties, by which it is claimed appellee bought from appellant his claim for fees and five certain promissory notes for $2,500 cash. There is no dispute that, at the time and place claimed by appellee, appellant transferred to him the notes and the claim for fees, or, which is the same, appellant agreed to release his claim for fees to get appellee to take the notes for $2,-500. Nor is there dispute that appellee at that time and place advanced to and for appellant the sum of $2,500 (about), and took possession of the notes, and took appellant's receipt in full for the fees. The disputed question is, was that sale an absolute one, as appellee contends, or was it a loaning by appellee of the $2,500 to appellant, and a pledging of the notes to secure it, as appellant contends? If it was the latter, then the agreement evidenced by the receipt whereby appellant released or acquitted appellee of the fees was without lawful consideration; that is, it was in its nature usurious, and not obligatory on appellant. The form of the transaction will not control. It is the fact that determines its character. So we must look to the whole transaction to determine what the parties intended to do, and what they did in this connection.

The negotiations were begun, as is customary, by parol propositions and counter propositions, resulting in the agreement above stated. The parties then reduced to writing their agreement, as follows:

"Maysville, Ky., September 3, 1898. Milton Johnson has sold and delivered to me, for the sum of $2,500 cash, the following notes, viz.: Wm. Wormald, mortgage, $1,000; J. A. Coughlin, mortgage, $100; Wesley Vicroy, personal note, $125; George Myall, personal note, $1,200, and policy of insurance; John McGraw, chat. Mortg., about $500. I am, however, after I have collected (net) on said notes the sum

of $2,500, and interest from this date, payable every six months, to return to said Johnson the unpaid notes, or cash if same be then collected. C. F. Zweigart."

"September 3, 1898. Received from C. F. Zweigart full settlement of attorney's fees due me in cases of Martin v. Long & others, and Zweigart v. Lloyd & others. In full to date. Milton Johnson."

The question presented by this appeal is whether appellee could, by his testimony, vary or dispute the writing above copied, and signed by him, without an allegation of fraud or mistake in its execution, and whether it was proper for the court to submit to the jury the question of the binding effect of the above-named writing. Appellee was allowed, over objections, to testify as to an oral sale, and the court submitted to the jury to decide as to whether such an oral sale was made. The court is of opinion that this question was improperly submitted to the jury. Where a series of conferences is consummated by a written document executed by the parties for the expression of their conclusions such writing must be regarded not only as expressing their final views, but as absorbing all other parol understandings, prior or contemporaneous. It must be conclusively presumed, in such a state of case, in the absence of an allegation of fraud or mistake in the execution of the paper, that the entire engagement of the parties is embraced in the writing; and, where its terms are not uncertain, oral testimony of previous colloquies between the parties that would tend in any instance to substitute a new or different contract for the one evidenced by the writing must be rejected. 2 Whart. Ev., section 1014; Crane v. Williamson (111 Ky., 271) (23 R., 689) (63 S. W., 610, 975); De Witt v. Berry, 134 U. S., 306, 10 Sup. Ct., 536, 33 L. Ed., 896. This rule, founded upon long experience, recognizes that the parties

to the agreement has seen fit to culminate all their nego-tiations in a memorial not subject to the uncertainties of forgetfulness or other similar infirmity, and have thereby agreed to adopt such memorial as the sole evidence of their contract. Expedience and experience alike sustain the wisdom of the rule.

Applying the doctrine to the case at bar, the court should have excluded, under the state of the pleadings in this case, all that transpired between the parties that tended to sub-stitute a different contract or understanding for the one ev-idenced by the writing. It should, on the contrary, have told the jury that the effect of this writing (the one first copied above) was a mortgage or pledge of the notes there-in mentioned to secure to appellee the payment of $2,500, and legal interest from September 3, 1898, and that the agreement to relinquish the fees, executed sim-ultaneously and as a part of the other agreement, was without lawful consideration and was void. The sole ques-tion then left to the jury was—First, whether there was a special contract, as claimed by appellee, by which appellant agreed to collect the notes mentioned in his account at the rate claimed by appellee, and, second, if not, then the jury should have found such sum as, under the evidence, was a reasonable compensation to appellant for the services rendered.

The judgment is reversed, and cause remanded, with di-rections to award appellant a new trial under proceedings not inconsistent herewith.

Petition for rehearing by appellee overruled.